**AFFIRMED; Opinion Filed April 27, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01221-CR**

**TRAVONTE MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-16957-V**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

Travonte Martin appeals the trial court's judgment adjudicating his guilt for aggravated assault with a deadly weapon. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Martin shot a man on a Dallas Area Rapid Transit (DART) train. The State indicted him for aggravated assault with a deadly weapon, and he entered a guilty plea. Consistent with the terms of his negotiated plea agreement, the trial court deferred adjudication of guilt and placed him on community supervision for ten years.

After police arrested Martin for making a terroristic threat against another passenger on a DART train, the State moved to adjudicate guilt on the aggravated-assault charge. The State alleged Martin violated multiple terms of his community supervision by: (1) committing the terroristic-threat offense; (2) failing to pay various fines, fees, costs, and contributions; (3) failing to participate in an anger management program; (4) failing to complete community service hours; (5) failing to participate in an "Alcohol/Substance Abuse Evaluation and or Treatment"; (6) failing to attend an Assessment Treatment and Research Services (ATRS) appointment; and (7) failing to avoid all DART facilities, trains, and buses. Martin entered a "not true" plea with respect to the terroristic-threat allegation but entered "true" pleas on the remaining alleged violations. After receiving evidence, the trial court found that all of the alleged violations were true, revoked Martin's community supervision, adjudicated his guilt, and sentenced him to fifteen years' confinement.

We review the trial court's decision to revoke community supervision for abuse of discretion. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). A single violation of the terms of community supervision is sufficient to support a trial court's decision to revoke that supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Moreover, a "true" plea entered on an alleged violation is, standing alone, generally sufficient to support revocation. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Martin argues the trial court abused its discretion by revoking his community supervision because: (1) the evidence does not show he committed a terroristic threat; (2) the State did not prove he willfully failed to pay various fines, fees, costs, and contributions; (3) his community service hours are not yet due; and (4) prohibiting him from riding a DART train is unconstitutional. We need not reach the merits of those arguments, however, because Martin does not contest the trial court's findings on the other alleged violations to which he entered "true" pleas. For example, the trial court found that Martin violated the terms of his community supervision by failing to attend an ATRS appointment as directed and by failing to participate in an anger-management program. Either of those findings alone sufficiently supports the trial court's decision to revoke community supervision. *Garcia*, 387 S.W.3d at 26; *Cole v. State*, 578 S.W.2d at 128. The trial court thus did not abuse its discretion, and we affirm its judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191221F.U05

—3—



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

TRAVONTE MARTIN, Appellant

No. 05-19-01221-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-16957-V.
Opinion delivered by Justice Carlyle. Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 27th day of April, 2021.